# Supreme Court of Texas

No. 20-0940

Texas Department of Family and Protective Services,

*Petitioner*,

v.

N.J.,

*Respondent*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE LEHRMANN, concurring.

I agree with the Court and the parties that this case is largely moot, that the court of appeals' judgment should be vacated, and that the trial court's judgment should be vacated in part. I further agree with the Court's denial of the Department's motion to vacate the court of appeals' opinion in accordance with *Morath v. Lewis*. 601 S.W.3d 785, 790 (Tex. 2020) (explaining that we generally decline to vacate the court of appeals' opinion in response to mootness but that we may do so in an appropriate case). I write separately to note that our decision to let the court of appeals' opinion stand is no endorsement of its reasoning or conclusion. We took this case for a reason: the issue of how courts obtain

personal jurisdiction over minor parents in parental termination cases is important and unsettled. And the court of appeals' opinion further muddies the waters.

The court of appeals held that N.J.'s (the mother whose rights were terminated) repeated appearances in open court alongside her appointed attorney ad litem were insufficient to waive service of citation because, as a minor, she lacked capacity to do so. 613 S.W.3d 317, 321 (Tex. App.—Austin 2020) (citing TEX. R. CIV. P. 120 (providing that a defendant may "in person, or by attorney, or by his duly authorized agent, enter an appearance in open court" and that such appearance has "the same force and effect as if the citation had been duly issued and served as provided by law")). In that court's view, the Department needed to personally serve either N.J., her legal guardian, or her "next friend" for the trial court to obtain personal jurisdiction over her. *Id.* But as the opinion itself implicitly acknowledges, the Department would have run into difficulties serving *any* of these parties.

First, the court of appeals cites an opinion issued by another appellate court concluding that minors' legal disability means they *cannot* be personally served. *Id.* at 322 (citing *In re M.M.S.*, No. 14-16-00349-CV, 2016 WL 6134456, at *4 (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, pet. denied) ("A minor is without legal capacity to waive service of process or *accept service of process.*" (emphasis added))). Accordingly, the court of appeals acknowledges that minors lack capacity to accept personal service, thereby indicating that the Department could and should *not* have personally served N.J.

Additionally, the court of appeals' opinion fails to explain how the Department could have served N.J.'s legal guardian. The court of appeals noted that N.J.'s parents' parental rights may have been terminated at the time of trial. *Id.* at 319 n.1 ("At trial, a representative with the Department testified that N.J. had a history with the Department as a 'victim,' and that N.J.'s mother's parental rights had been terminated. The representative was unsure whether N.J.'s father's parental rights had been terminated."). Moreover, nothing in the record indicates any other legal guardian had been appointed for N.J. And based on the record, even if N.J.'s father had clearly retained his parental rights, it is questionable whether serving him would have provided N.J. with sufficient notice to "apprise [her] of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950). N.J. was estranged from her father, and her living situation and caregivers changed several times after the birth of her child. 613 S.W.3d at 319 (noting that N.J. had been living with her grandmother before the Department received the report regarding the child, then moved in with her father when the Department received the report, and then was arrested for physically assaulting her father and placed in a juvenile detention center). Therefore, it is doubtful that serving N.J.'s father would have afforded N.J. notice of the suit.

Finally, nothing in the Family Code required the trial court to appoint a guardian ad litem for N.J. (as opposed to an attorney ad litem, whom the trial court did appoint). Chapter 107 requires courts to appoint a guardian ad litem to represent a child who is the *subject* of parental termination proceedings. TEX. FAM. CODE § 107.011(a). No

3

provision, however, requires or even contemplates appointment of a guardian ad litem for a minor *parent*.

Therefore, under these circumstances, it appears that the Department's best option for properly joining N.J. to the suit was doing so through her attorney ad litem. Courts specifically appoint an attorney ad litem, as opposed to a guardian ad litem, to protect parents' legal rights in parental termination cases. *Id.* §§ 107.0131, .0133. And Section 107.010 expressly authorizes appointment of an attorney ad litem for an incapacitated person who is "entitled to service of citation"— seemingly indicating that attorneys ad litem are authorized to accept service of citation for parties otherwise lacking capacity to consent to suit. *Id.* § 107.010. Yet, under the court of appeals' analysis, such representation is insufficient for trial courts to obtain personal jurisdiction.

In sum, perhaps the court of appeals is correct (and perhaps it is not) that N.J. could not have waived service under Rule 120. If the court is correct, however, N.J. and other minor parents in her position could, effectively, be immune from suit in parental termination cases.[1] That the Legislature would intend such a state of affairs blinks reality.

---

[1] Technically speaking, the Family Code also allows citation to be served by publication in suits affecting the parent–child relationship. *See* TEX. FAM. CODE § 102.010(a). But it is not clear that *minor* parents may be properly served through publication. And even if they could, it would seem inappropriate here given our statement in *In re E.R.* that service by publication fails to satisfy due process when the record shows that "it was both possible and practicable to more adequately warn [a parent] of the impending termination of her parental rights." 385 S.W.3d 552, 566 (Tex. 2012). Indeed, citation by publication would seem to provide N.J. with far less process than joining her through her attorney ad litem.

Therefore, while the court of appeals' opinion stands, the issue raised in this cause remains open. Hopefully, in due time, we will again be asked to provide an answer in a properly presented case.

Debra H. Lehrmann
Justice

**OPINION DELIVERED:** April 22, 2022